

**ORDERED in the Southern District of Florida on October 5, 2017.**

*Laurel M. Isicoff*
**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 10-15516-LMI |
| S&G FINANCIAL SERVICES OF SOUTH FLORIDA, INC. | Chapter 7 Proceeding |
| Debtors._____/ | |

### ORDER AWARDING FINAL TRUSTEE AND PROFESSIONAL FEES AND EXPENSES

THIS MATTER came before the Court on October 4, 2017 at 9:30 a.m. upon (i) the Trustee's Notice of Final Report [ECF #1295](the "TFR"), (ii) this Court's Notice of Hearing of the Trustee's Final Report [ECF #1296], (iii) the Final Application for Compensation and Expenses [ECF #1293] filed by Trustee, SONEET R. KAPILA, CHAPTER 7 TRUSTEE, (iv) the Final Application for Compensation and Expenses [ECF #1288] filed by KAPILA & COMPANY, Accountant For Trustee, (v) the Final Application for Compensation and Expenses [ECF #1289] filed by KAPILAMUKAMAL CPA'S, Accountant For Trustee, (vi) the Final Application for Compensation and Expenses [ECF #1290] filed by TABAS, FREEDMAN & SOLOFF, PA, Former Attorney For Trustee, and (vii) the Final Application for Compensation and Expenses [ECF #1287] filed by BAST AMRON, LLP Attorney For Trustee

(collectively, the "Applications").  After notice to all creditors and hearing, the Court has considered the Final Report and the Applications and, for the reasons set forth on the record at the hearing, which are incorporated herein by reference, finds that the following allowances are reasonable under the applicable provisions of the Bankruptcy Code.

Therefore, it is **ORDERED** as follows:

1. The Trustee, SONEET R. KAPILA, CHAPTER 7 TRUSTEE, is allowed total final fees of $145,245.43 and total final expenses of $5,244.98, which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

2. KAPILA & COMPANY, former accountant for the Trustee, is allowed total final fees of $272,702.70 and total final expenses of $2,957.23 which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses.

3. KAPILAMUKAMAL CPA'S, accountant for the Trustee, is allowed total final fees of $17,851.40 and total final expenses of $474.19 which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

4. TABAS, FREEDMAN & SOLOFF, PA, former attorney for the Trustee, is allowed total final fees of $1,287,500.00 and total final expenses of $98,938.92 which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses.

5. BAST AMRON, LLP, attorney for the Trustee, is allowed total final fees of $122,183.50 and total final expenses of $8,381.29,[1] which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses.

---

[1] Due to a scrivener's error, the Final Report reflected total fees to Bast Amron LLP of $130,564.79, but should have reflected final fees of $122,183.50 and final expenses of $8,381.29. The total amount sought and awarded remains unchanged at $130,564.79; the scrivener's error only affected the allocation between fees and expenses.

6. The Trustee is authorized to make the balance of payments set forth in this Order or to pay the awards pro rata if there are insufficient funds.

In allowing the foregoing fees, this Court has considered the criteria specified in 11 U.S.C. §§ 326, 328 and 330, and the requirements of Bankruptcy Rule 2016, in light of the principles stated in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); and *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

# # #

Copy furnished to:
Soneet R. Kapila, Chapter 7 Trustee

The Trustee shall serve a copy of this order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).